IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REESE ROBERT WALDRON, ) <br> ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> ) <br> Respondent. ) <br> ) <br> ) | No. CV-F-05-754 OWW <br> (No. CR-F-03-5323 OWW) <br><br> MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT FOR RESPONDENT |

On June 10, 2005, Petitioner Reese Robert Waldron filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  In his Section 2255 motion, Petitioner asserts that he is "being denied time off of my sentence for my attendance in the court ordered drug program."  Petitioner contends:

> 18 U.S.C. Section 3621(e) provides for a one year reduction of my sentence; if I attend and successfully complete a substance abuse program.  I am in this program.  I am being told my sentence will not be reduced, because

1

>           the Program Statement Section 7 e. Special
>           Circumstances provides conviction of 18
>           U.S.C. 922 at the Director's discretion
>           precludes certain program benefits.
>           Additionally I am being told that I am
>           classified as a violent offender 924(g) and I
>           need to be resentenced and classified as a
>           non-violent offender 922(g).

Petitioner pleaded guilty pursuant to a written Plea Agreement to conspiracy to commit an unauthorized use of access devices in violation of 18 U.S.C. § 371 and to being a felon in possession of a firearm and aiding and abetting in violation of 18 U.S.C. §§ 922(g)(1) and 2.  In the Plea Agreement, Petitioner specifically waived "his right to challenge his sentence or the manner in which it was determined in a post-conviction attack, including but not limited to a motion brought under Title 28, United States Code, Section 2241 or 2255."   Petitioner was sentenced on August 23, 2004 to 48 months incarceration and a 36 month term of supervised release.

Petitioner, who was incarcerated at the federal facility in Lompoc, California, filed an identical motion pursuant to 28 U.S.C. § 2241, which was assigned Case No. CV-05-242 REC/DLB HC. The Section 2241 motion was transferred to the Central District of California by Order filed on March 23, 2005.  However, on May 5, 2005, Judge Hatter of the Central District of California, dismissed the Section 2241 petition without prejudice to the filing of a Section 2255 motion in the Eastern District of California because "petitioner attacks his sentence and asserts, among other things, that he is wrongly classified as a violent

1 offender and, thus, that he must be re-sentenced and classified
2 and [sic] a non-violent offender."

3     The Court doubts that Petitioner is challenging the legality
4 of his sentence, which would be a proper subject of a Section
5 2255 motion over which this Court would have jurisdiction as the
6 sentencing court.  Challenges to the legality of a federal
7 conviction and sentence must be brought pursuant to 28 U.S.C. §
8 2255 while challenges to the manner of the execution of the
9 sentence must be brought pursuant to 28 U.S.C. § 2241 in the
10 District in which Petitioner is confined.  *United States v.*
11 *Giddings*, 740 F.2d 770, 772 (9th Cir. 1984).  It appears that
12 Petitioner is challenging the execution of his sentence.
13 However, Petitioner expressly waived the right to challenge his
14 sentence under either Section 2241 or 2255.  Further, Petitioner
15 was released from the custody of the Bureau of Prisons on
16 December 15, 2006.  Therefore, Petitioner's motion is DENIED AS
17 MOOT.

18     For the reasons stated:

19     1.  Petitioner Reese Robert Waldron's motion to vacate, set
20 aside or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED.

21     2.  The Clerk of the Court is directed to enter JUDGMENT FOR
22 RESPONDENT.

23     IT IS SO ORDERED.

24 **Dated:   August 4, 2008**               /s/ Oliver W. Wanger
                                          UNITED STATES DISTRICT JUDGE

25

26